**Darin M. Sands**, OSB No. 106624
sandsd@lanepowell.com
**Mohammed N. Workicho**, OSB No. 186140
workichom@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant JUUL Labs, Inc.

[Additional Counsel Listed on Signature Page]


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| **KEWMARSE IMANI**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JUUL LABS, INC.** and **ALTRIA GROUP, INC.**,<br><br>Defendants. | Case No. 6:20-cv-00160<br><br>**NOTICE OF REMOVAL OF CLASS ACTION**<br><br>By Defendants JUUL Labs, Inc. and Altria Group, Inc. |


Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453, and 1711, and the diversity jurisdiction statute, 28 U.S.C. § 1332(a), Defendants JUUL Labs, Inc. ("JLI") and Altria Group, Inc. ("Altria") (together, "Removing Defendants") hereby remove this action from the Circuit Court of Lane County, Oregon, where it is pending as Case No. 19CV54597, to the United States District Court for the District of Oregon, Eugene Division. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter

PAGE 1 - NOTICE OF REMOVAL

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

jurisdiction over this action and all claims asserted therein pursuant to CAFA, 28 U.S.C. § 1332(d). Removal is also proper pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between Plaintiff Kewmarse Imani and the Removing Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. **BACKGROUND**

1.      Plaintiff Kewmarse Imani filed a putative Class Action Complaint against the Removing Defendants on December 20, 2019, in the Circuit Court of Lane County, Oregon, which is within the district and division to which this case is removed.  In this products liability action, Plaintiff alleges that he is "addicted to nicotine," which has "caused a permanent brain injury to his developing brain," including a "seizure."  Compl. ¶¶ 237-239.

2.      Plaintiff's Complaint seeks an unspecified amount of compensatory and punitive damages from all defendants.  Compl. Prayer for Relief.

3.      In his Complaint, Plaintiff asserts twelve counts against JLI, and three against Altria (noted with an asterisk):  (1) Negligence*; (2) Breach of Implied Warranty; (3) Strict Product Liability – Failure to Warn; (4) Strict Product Liability – Design Defect; (5) Fraudulent Concealment; (6) Fraudulent Misrepresentation; (7) Oregon Unlawful Trade Practice*; (8) Unjust Enrichment; (9) Violation of California Consumer Legal Remedies Act; (10) Violation of California False Advertising Law; (11) Violation of California Unfair Competition Law; and (12) Civil Conspiracy*.  *See* Compl. ¶¶ 253-316.

4.      JLI and Altria were each served with the Summons and Complaint no earlier than December 31, 2019.  This Notice is thus timely filed under 28 U.S.C. § 1446(b).

5.      As required under 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served on the Removing Defendants in the underlying state court action is attached as **Exhibit 1**.

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Lane County, Oregon.

PAGE 2 -  NOTICE OF REMOVAL

7.    The United States District Court for the District of Oregon, Eugene Division is the federal judicial district and division in which the Circuit Court of Lane County sits.  This action was originally filed in the Circuit Court of Lane County, rendering venue in this federal judicial district and division proper.  *See* 28 U.S.C. §§ 117, 1441(a).

## II.  <u>THIS COURT HAS SUBJECT-MATTER JURISDICTION</u>
## <u>UNDER 28 U.S.C. § 1332(d)</u>

8.    Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted therein pursuant to CAFA, 28 U.S.C. § 1332(d).

9.    CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Rule 23 of the Oregon Rules of Civil Procedure, authorizing an action to be brought by one or more representative persons as a class action.  Compl. ¶ 242.  *See* 28 U.S.C. § 1332(d)(1)(B).

10.    Under CAFA, removal of a class action is proper if:  (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from that of any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d), 1441.

11.    The Removing Defendants expressly reserve all of their rights, including, but not limited to, their rights to file motions to compel arbitration and motions challenging the pleadings. The Removing Defendants also intend to oppose class certification and believe that class treatment is inappropriate under these circumstances, in part because of material differences between the named Plaintiff and the putative class members Plaintiff seeks to represent.  The Removing Defendants expressly reserve all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint.  However, for purposes of meeting the jurisdictional

PAGE 3 -  NOTICE OF REMOVAL

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

requirements for removal *only*, the Removing Defendants submit on a good-faith basis that the allegations in Plaintiff's Complaint identify a putative class of more than 100 members, meet the minimum diversity requirement, and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**The Proposed Class Consists of More than 100 Members.**

12.     Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class action contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

13.     Plaintiff proposes a class of "[a]ll Oregon residents who have purchased or used JUUL's electronic cigarettes or JUUL pods." Compl. ¶ 242.

14.     Plaintiff notes, "While the exact size of the class is not currently known, thousands of class members reside across Oregon." Compl. ¶ 244. As a result, the putative class contains at least 100 members.

**The Removing Defendants and a Member of the Class Are Not Citizens of the Same State.**

15.     Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

16.     Plaintiff is a citizen of Oregon. Compl. ¶ 4.

17.     JLI is a Delaware corporation with its principal place of business in California. Compl. ¶ 5.

18.     Altria is a Virginia corporation with its principal place of business in Virginia. Compl. ¶ 6.

19.     Accordingly, at least one Plaintiff is a citizen of a different state from that of JLI and Altria.

PAGE 4 -  NOTICE OF REMOVAL

**The Amount in Controversy Exceeds $5 Million.**

20.      CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  In calculating the amount in controversy, a court must aggregate the claims of all individual class members.  28 U.S.C. § 1332(d)(6).

21.      A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).   If challenged, a defendant's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee*, 574 U.S. at 82 (holding that notice of removal need only contain "'a short and plain statement of the grounds for removal'" (quoting 28 U.S.C. § 1446(a)));  *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* and noting there is no anti-removal presumption against CAFA cases).

22.      A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of [alleged] violations."  *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *12 (C.D. Cal. Jan. 7, 2015).   Nor is a removing defendant required to "research, state, [or attempt to] prove the plaintiff's claims for damages."  *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015).

23.      In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).   In other words, the focus of the court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Henry v. Gerber Prod. Co.*, No. 3:15-CV-02201-HZ, 2016 WL 1589900, at *3 (D. Or. Apr. 18, 2016).

PAGE 5 -  NOTICE OF REMOVAL

24.     Finally, a plaintiff cannot defeat removal by contending that the damages ultimately recoverable may fall below the $5 million threshold.  *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed, stating, "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable").

25.     Plaintiff's allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs.  Although the Removing Defendants deny that Plaintiff's claims have any merit or that Plaintiff has suffered any harm or damages, for purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery by Plaintiff would exceed $5 million.  This can hardly be disputed since Plaintiff seeks compensatory damages, punitive damages, treble damages, injunctive relief, restitution, costs, and attorneys' fees, on behalf of a class of all Oregon citizens who purchased JUUL products, under twelve different causes of action.[1]

26.     Plaintiff alleges that JLI unlawfully designed, manufactured, marketed, advertised, and distributed JUUL Labs products.  *See, e.g.*, Compl. ¶¶ 253-316.  Plaintiff further alleges that JLI's alleged conduct caused the Plaintiff and putative class members a wide variety of harms, including "permanent brain injury to his developing brain," increased risk of "disease, future health problems and other injuries," and a "seizure," all resulting in "medical expenses, pain and suffering, and emotional distress."  Compl. ¶¶ 238-240.

27.     For such harms, Plaintiff seeks "compensatory damages" on behalf of the class. Compl. Prayer for Relief.

---

[1] Removing Defendants reserve the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied.  *See Dart Cherokee*, 574 U.S. at 84 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold].").

PAGE 6 -  NOTICE OF REMOVAL

28.     Given Plaintiff's allegations that the proposed class is entitled to recover damages for serious medical conditions, Plaintiff's personal injury claims put more than $5 million in dispute.  This is especially true given that Plaintiff also seeks restitution, punitive damages, treble damages, and penalties.  *See* Compl. Prayer for Relief.

29.     Plaintiff has also put more than $5 million in dispute by seeking relief in the form of an order directing Defendants to "provide treatment—including addiction therapy and medical monitoring" for the proposed class members.  Compl. ¶ 249.

30.     The creation of a diagnostic testing program and a nicotine use cessation program of the kind demanded by Plaintiff, for the proposed classes, likely would cost more than $5 million.

31.     Plaintiff's demand for "attorneys' fees," Compl. Prayer for Relief, places an additional amount in controversy.  Claims for attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

32.     The Removing Defendants deny that any such attorneys' fees are owed to Plaintiff or the putative class and reserve the right to contest the amount of any such fees in this case.  However, for purposes of this jurisdictional analysis *only*, the Removing Defendants rely on Plaintiff's allegations that attorneys' fees are owed.  Plaintiff's request for attorneys' fees places a significant additional amount in controversy for purposes of CAFA.

33.     Plaintiff's allegations therefore place more than the requisite $5 million in controversy.  The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

PAGE 7 - NOTICE OF REMOVAL

### III.  **THIS COURT HAS SUBJECT-MATTER JURISDICTION**

### **UNDER 28 U.S.C. § 1332(a)**

34.     In addition, the Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a).    Complete diversity of citizenship exists between Plaintiff and the Removing Defendants.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

**Complete Diversity Exists Between Plaintiff and All Defendants.**

35.     Plaintiff is a citizen of Oregon.  Compl. ¶ 4.

36.     The Complaint names the following Defendants:   JLI and Altria.   Neither Defendant is a resident of Oregon for purposes of diversity jurisdiction.

37.     JLI is a Delaware corporation with its principal place of business in California. Compl. ¶ 5.

38.     Altria is a Virginia corporation with its principal place of business in Virginia. Compl. ¶ 6.

**The Amount in Controversy Exceeds $75,000.**

39.     The amount in controversy requirement is met.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84.

40.     Here, Plaintiff's Complaint does not include a specific demand for damages.  As described above, upon a full and fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's complaint seeks compensatory damages for strict products liability, fraud, negligence, unjust enrichment, and a variety of California state laws governing unfair competition and consumer protection.   While Plaintiff does not specify the amount of damages sought, he alleges that he sustained "life-altering and permanent injuries" including "nicotine addiction" that has caused "permanent brain injury" and "harm through exposure to toxic substances * * * which may cause or contribute to causing disease, future health

PAGE 8 -  NOTICE OF REMOVAL

problems, and other injuries." Compl. ¶¶ 237-240. *See generally id.* Prayer For Relief. Under these allegations, the amount in controversy exceeds the jurisdictional minimum.

41.     Moreover, Plaintiff's Complaint explicitly seeks punitive damages, which must be considered in the Court's amount-in-controversy analysis. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 946 (9th Cir. 2001). In addition, Plaintiff seeks attorneys' fees. *See* Compl. Prayer for Relief.

42.     Although the Removing Defendants do not concede that Plaintiff is entitled to compensatory or punitive damages of any amount, a fair reading of Plaintiff's complaint clearly shows that the amount in controversy exceeds $75,000.

43.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

## IV.  THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

44.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because:

    a.     This is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

    b.     The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

    c.     At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A);

    d.     The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2);

    e.     The amount in controversy as to at least one plaintiff exceeds $75,000, as required by § 1332(a); and

    f.     The parties are citizens of different states, as required by § 1332(a)(1).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

PAGE 9 - NOTICE OF REMOVAL

45.    By signing and filing this Notice of Removal, JLI and Altria consent to removal pursuant to 28 U.S.C. § 1446.

**WHEREFORE**, Removing Defendants pray that the filing of the Notice of Removal, and the giving of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Lane County, Oregon, shall effect removal of said suit to this Court.

DATED:  January 29, 2020

LANE POWELL PC

By  s/ Darin M. Sands
    Darin M. Sands, OSB No. 106624
    Mohammed N. Workicho, OSB No. 186140
    Telephone: 503.778.2100
    Facsimile: 503.778.2200
Attorneys for Defendant JUUL Labs, Inc.

LINDSAY HART, LLP

By  s/ James L. Dumas
    James L. Dumas, OSB No. 771671
    1300 SW Fifth Avenue, Suite 3400
    Portland, Oregon 97201-5640
    Telephone: 503.226.7677
    Facsimile: 503.226.7697
    E-Mail: jdumas@lindsayhart.com
Attorneys for Defendant Altria Group, Inc.

PAGE 10 -  NOTICE OF REMOVAL